# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| EVOQUA WATER TECHNOLOGIES, LLC<br>210 6th Avenue Suite 3300 Pittsburgh, PA 15222<br><br>Plaintiff,<br><br>vs.<br><br>GATOR TRANSPORT, INC.<br>19063 Yontz Road, Brooksville, Florida 34601, and<br><br>GATOR HEAVY HAUL, INC.<br>19063 Yontz Road, Brooksville, Florida 34601<br>Defendants. | CASE NO. |

## COMPLAINT

AND NOW, comes Plaintiff, Evoqua Water Technologies, LLC, by and through its counsel, Louise M. Griffin and the law firm of Dinsmore & Shohl LLP, and files the within Complaint averring as follows:

### THE PARTIES

1. Plaintiff, Evoqua Water Technologies, LLC ("Evoqua") is a Limited Liability Company organized under the laws of the state of Delaware, with a principal place of business at 210 6th Avenue Suite 3300 Pittsburgh, PA 15222.

2. Defendant, Gator Transport, Inc. ("GT") is a Florida business corporation with a principal place of business at 19063 Yontz Road, Brooksville, Florida 34601.

3. Defendant, Gator Heavy Haul, Inc.("GHH") is a Florida business corporation with a principal place of business at 19063 Yontz Road, Brooksville, Florida 34601.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00.

5. Venue is proper in this Federal District pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District within the state of Ohio.

**FACTUAL BACKGROUND**

6. Evoqua is a global water technology provider, helping customers solve water challenges through innovative products, services, and solutions based on technology and expertise.

7. Evoqua entered into a contract agreement with Infrastructure Construction Corporation ("Owner") to furnish, fabricate and deliver to a Project site a Dual Vessel Liquid Phase Granular Activated Carbon Absorber System (the "System").

8. The system involved, among other things, two super load tanks which would be manufactured in Iowa and shipped to the Project site in New Hampshire.

9. Time was of the essence, as the Owner required the System by June 7, 2021 and would sustain economic damages if that date was not met.

10. Evoqua brokered the tank shipments to KCH Transportation, Inc. ("KCH"). KCH is not a party to this litigation.

11. KCH then hired GT and/or GHH to haul the tanks from Iowa to New Hampshire. Based upon information and belief, GT and GHH rendered the same services despite different

corporate names. For purposes of clarity moving forward, GT and GHH shall be referred to as "Gator."

12. Gator also acted as an escort for the shipment of the tanks.

13. In this escort role, Gator was responsible for planning the route of the truck which would be carrying an oversized load with the two tanks to New Hampshire.

14. Additionally, Gator was responsible for operating a vehicle which proceeded directly in front of the truck hauling the two tanks to warn of danger in the event the oversized load would be compromised and/or damaged by roadway and infrastructure conditions.

15. The tanks would be carried in two separate loads, with Gator acting as the escort for each.

16. On June 1, 2021, Gator failed in its duties of planning a proper route and acting as a reasonably prudent escort when the load carrying Tank #1 struck a bridge in Cambridge, Ohio, causing significant damage to one of the tanks.

17. As a result of the accident, the damaged Tank #1 and the undamaged Tank #2 from a different transport had to be returned to Iowa for repair, causing Evoqua to miss the delivery date to Owner.

18. Because of Gator's failure in its duties, Evoqua encountered shipping delays to provide the undamaged Tank #2 to New Hampshire it would not otherwise have incurred. Tank #2 arrived in New Hampshire on June 25, 2021.

19. Tank #1 required significant and costly repairs. Tank #1 did not arrive in New Hampshire for the Owner until November 8, 2021.

20. Because of Gator's failure in its escort duties, Evoqua missed its delivery deadline by 154 days. This missed delivery deadline in turn caused Owner to sustain significant monetary damages, which have been passed down to Evoqua for payment.

21. Evoqua has sustained significant monetary damages because of Gator's breach of its duties as a reasonably prudent escort.

### COUNT 1- NEGLIGENCE
### Evoqua vs. GT and GHH

22. Gator was retained by KCH to act as an escort for the Evoqua materials which were being shipped from Iowa to New Hampshire.

23. Gator's responsibilities included, but were not limited to, planning a route of travel which allowed unfettered and unobstructed roadways and also operating an escort vehicle to proceed ahead of the load and to warn of any unsafe roadway conditions.

24. Gator owed a duty of care to prevent damage to the Evoqua equipment.

25. Gator breached its duty of care to Evoqua when the bridge strike occurred by:

   a. failing to be aware of the height and width of the vehicle and equipment;

   b. failing to properly observe the roadways for hazards thereon;

   c. failing to maintain the appropriate equipment on its vehicle that would enable it to determine whether there was sufficient overhead clearance on the route of travel;

   d. failing to warn the driver that the roadway did not have the appropriate height and width clearance to allow the vehicle to safely travel without damage to the equipment;

   e. failing to provide an alternate route of travel that would provide the appropriate height and width clearances;

   f. failing to review the route survey to determine whether the planned route included only roadways that had the appropriate height and width clearance;

      g. deviating from the planned route survey;

      h. otherwise failing to adhere to the standard of care.

26. As a direct and proximate result of the negligence of Gator, Evoqua has sustained significant monetary damages of over $480,000.00, including, but not limited to:

      a. Costs associated with the repair of Tank #1 and shipment of Tank #2;

      b. Additional transportation costs for both tanks;

      c. Additional trucking and escort permitting costs;

      d. Inspection costs required by Evoqua and Owner;

      e. Engineering costs associated with the repair of the Tanks;

      f. Breach of contract damages to the Owner;

      g. Delay damages;

      h. Additional Project Management costs; and

      i. Costs associated with additional warranty obligations and maintenance bonding.

WHEREFORE, Plaintiff, Evoqua Water Technologies, LLC, demands that judgment be entered in its favor and against the Defendants, in an amount in excess of $480,000.00, plus pre-judgment interest, post-judgment interest, and such further relief as the Court deems just.

Respectfully submitted,

*/s/ Louise M. Griffin (0095724)*
**DINSMORE & SHOHL LLP**
255 East Fifth Street
Suite 1900
Cincinnati, OH 45202
Telephone: (513) 977-8656
Fax: (513) 977-8141
Email: Louise.Griffin@dinsmore.com

*Counsel for Plaintiff, Evoqua Water Technologies, LLC*